### P. BREMOND v. H. SEELIGSON, ADM'R.

(No. 94, Tex. L. J., vol. 1, p. 85.)

APPEAL from Galveston County. Opinion by ECTOR, P. J.

§ 636. *Open account; claim against an estate; limitation.* Bremond brought suit upon a rejected claim against the estate of one Eicker. This claim was a duly authenticated claim, shown by open account, as follows:

"ESTATE OF CHARLES EICKER TO P. BREMOND, *Dr.*

"January 1.  To balance of rent of dwelling house occupied by
      his family...............................................$120 00
"May 1.  To four months rent to date........................  80 00
                                                              ———————
                                                        "$200 00"

The suit was dismissed, on motion of defendant, in justice's court, because the account was not sufficiently itemized. *Held*, that while the second item in the account is not very specific, it is sufficiently so to show that it is for rent for the four months next preceding the month of May, 1875. This being a suit against an administrator, for a debt claimed to be due on an open account, the items should have been set out with sufficient certainty to enable the court to have seen that the items were not barred by the statute of limitations. "If any suit be brought against any executor or administrator, or other person having charge of the estate of a testator, or of an intestate, for the recovery of a debt due upon an open account, it shall be the duty of the court before whom suit shall be brought, to cause to be expunged from such account every item thereof which shall appear to have been due two years before the death of the testa-

tor or intestate; and if any person shall wilfully post-date any such account, he shall forfeit and pay tenfold the amount of the articles so post-dated, to be recovered before a justice of the peace, when the penalty incurred shall be less than one hundred dollars, or by suit in the district court, when the penalty amounts to that sum or upwards." [Pas. Dig. art. 4614.] It will be seen that a suit on an account against an executor or administrator is an exception to the general rule, for in all other cases except such, the statute of limitations should be pleaded by demurrer or plea.

§ 637. *Appeal bond; cannot be supplied, when defective in its conditions, by a new bond.* We believe that the appeal bond given in the justice's court is defective, because not conditioned as the law requires, and that defendant's motion to dismiss the appeal in the county court should have been sustained. The county court should not have allowed the plaintiff to file a second bond when the first bond was not conditioned as required by law. In Hollis v. Border, 10 Tex. 279, it is said: "The only contingency in which parties have been permitted to file a new bond is where the original bond was insufficient in amount, but not vitiated by other defect." The first appeal bond being defective, the county court had no jurisdiction of the case.

March 5, 1877.                    Appeal dismissed.